THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DIGITAL TECHNOLOGIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PANASONIC CORPORATION,**<br><br>Defendant. | Civil Action No. 2:15-cv-<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Display Technologies, LLC ("Plaintiff") files this Complaint against Panasonic Inc. ("Defendant") alleging as follows:

### PARTIES

1. Plaintiff Display Technologies, LLC is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2. Upon information and belief Defendant Panasonic Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Pearl Ct., Allendale, NJ 07401.  Panasonic may be served via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,300,723)

6. On March 29, 2016, United States Patent No. 9,300,723 (the "'723 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Enabling Social Interactive Wireless Communications."  A true and correct copy of the '723 Patent is attached hereto as Exhibit A.

7. Mr. Leigh M. Rothschild is listed as the inventor of the '723 Patent.

8. Plaintiff is the owner by assignment of the '723 Patent with all rights in and to that patent.

9. Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Panasonic cameras with NFC and Wi-Fi in

conjunction with the Panasonic Image app[1] (collectively, the "Accused Instrumentalities") that infringe claims 1, 3, 6, 7, 8, 9, 12, 14, 17, 18, 19, 20, 32, 34, 37, 38, 39, 40, 42, 44, 47, 48, 49, and 50 of the '723 Patent.

10. Upon information and belief, Defendant has been and is now infringing claims 1, 3, 6, 7, 8, 9, 12, 14, 17, 18, 19, 20, 32, 34, 37, 38, 39, 40, 42, 44, 47, 48, 49, and 50 of the '723 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale Panasonic Cameras with NFC and Wi-Fi in conjunction with the Panasonic Image app which all operate in substantially the same manner covered by one or more claims of the '723 Patent to the injury of Plaintiff. Defendant is thus infringing, literally infringing, and/or infringing the '723 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '723 Patent pursuant to 35 U.S.C. §. 271(a).

11. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '723 Patent complied with such requirements.

12. The Accused Instrumentalities infringe claim 1 of the '723 Patent and include at least one media terminal disposed in an accessible relation to at least one interactive computer network (*i.e.*, the media terminal is an android smart phone which includes an 802.11 Wi-Fi transmitter and receiver), a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, it includes an NFC chip which allows permits authorized access to the 802.11 Wi-Fi network), at least one media node disposable within said wireless

---

[1] Compatible with the Panasonic Image App are as follows: LUMIX digital camera models DC-GF9, DC-GX800, DC-GX850, DMC-SZ8, DMC-SZ9, DMC-SZ10, DMC-TZ55, DMC-TZ56, DMC-TZ57, DMC-TZ58, DMC-ZS35, DMC-ZS45, DMC-FT5, DMC-GF6, DMC-LF1, DMC-SZ8, DMC-SZ9, DMC-SZ10, DMC-TS5, DMC-TZ37, DMC-TZ40, DMC-TZ41, DMC-TZ55, DMC-TZ56, DMC-TZ57, DMC-TZ58, DMC-ZS27, DMC-ZS30, DMC-ZS35, DMC-ZS45.

range (*i.e.*, a Panasonic camera with Wi-Fi and a NFC tag placed within NFC range of an android smart phone running the Panasonic Image app), wherein said at least one media node is detectable by said at least one media terminal (*i.e.*, once placed within NFC range, the Panasonic camera with Wi-Fi and a NFC tag is automatically detected by the android phone running then Panasonic Image app), at least one digital media file (*e.g.*, a picture or video) initially disposed on at least one of said at least one media terminal or said at least one media node (*e.g.*, a picture or video initially disposes on the Panasonic camera or android smartphone with the Panasonic Image app installed), said at least one media terminal being structured to detect said at least one media node disposed within said wireless range (*i.e.*, the android smartphone running the Panasonic Image app automatically detects the Panasonic camera once it is placed within NFC range), a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network (*i.e.*, a Wi-Fi network), said communication link being initiated by said at least one media terminal (*i.e.*, the communications link is initiated by the android smartphone once it is placed within NFC range of the Panasonic Camera), said at least one media node and said at least one media terminal being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Panasonic camera and android smartphone running the Panasonic Image app are structured to transmit a picture or video file in a digital format over the wi-fi network), and said communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal (*e.g.*, the Wi-Fi network security settings such as encryption protocols and password requirements are bypassed for the

limited purpose of transmitting a photo or video file from the Panasonic camera to the Android smartphone running the Panasonic Image app). *See* Ex. B, Figs. 1-6.

13. The Accused Instrumentalities infringe claim 3 of the '723 Patent, wherein the transmission of the media file from the at least one media node to the at least one media terminal completely bypasses the security measure (*i.e.*, the transmission of the photo or video file from the Panasonic camera to the android smartphone running the Panasonic Wireless Utility Mobile app completely bypasses the Wi-Fi security settings on the android smartphone and Panasonic camera, such as encryption protocols and password requirements). *See* Ex. B, Figs. 1-6.

14. The Accused Instrumentalities infringe claim 6 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a Wi-Fi connection (*i.e.*, the communications link is a Wi-Fi connection). *See* Ex. B, Figs. 1-6.

15. The Accused Instrumentalities infringe claim 7 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*i.e.*, the file is an image file, video file, or streaming video file such as "live view mode"). *See* Ex. B, Figs. 1-6.

16. The Accused Instrumentalities infringe claim 8 of the '723 Patent by presenting the at least one digital media file on a display (*i.e.*, the file is displayed on the android smartphone running the Panasonic Image app and the Panasonic camera). *See* Ex. B, Figs. 1-7.

17. The Accused Instrumentalities infringe claim 9 of the '723 Patent, wherein the at least one digital media file is provided by the at least one media node (*i.e.*, the image, video, or streaming video file is provided by the Panasonic camera). *See* Ex. B, Figs. 1-7.

18. The Accused Instrumentalities infringe claim 12 of the '723 Patent, and includes a wireless receiver (*i.e.*, the android smartphone running the Panasonic Image app and the

Panasonic camera includes a wireless receiver in the form of an 802.11 network adapter); a security measure (*i.e.*, encryption or password requirements for a wireless network connection); and the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the android smartphone running the Panasonic Image app and the Panasonic camera includes a NFC chip which is structured to permit authorized access to an 802.11 Wi-Fi network), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, when the Panasonic camera with NFC and Wi-Fi is placed within NFC range of the android smartphone running the Panasonic Image app, it is automatically detected by the android smartphone), at least one digital media file initially disposed on the wireless mobile device (*i.e.*, the Panasonic camera includes at least on digital media file), said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the android smartphone running the Panasonic Image app is configured to automatically detect the Panasonic camera once it entered NFC range), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Panasonic camera android smartphone running the Panasonic Image app includes a Wi-Fi network adapter which places them in communication over w Wi-Fi network), said communication link being initiated by said media system (*i.e.*, once the Panasonic camera is placed within NFC range, the android smartphone automatically initiates a Wi-Fi connection), said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Panasonic camera and android smartphone running the Panasonic Image app are configured to transmit a digital media

file such as a photo between them over the Wi-Fi network), and said communication link (*i.e.*, a Wi-Fi network) is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Wi-Fi network security settings such as encryption or password requirements are bypassed for the limited purpose of transmitting the digital media file and displaying it on the android smartphone running the Panasonic Image app). *See* Ex. B, Figs. 1-7.

19. The Accused Instrumentalities infringe claim 14 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, the Wi-Fi security settings such as encryption or password requirements are completely bypassed for the purpose of transmitting the digital media file such as a photo). *See* Ex. B, Figs. 1-7.

20. The Accused Instrumentalities infringe claim 17 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a WiFi connection (*i.e.*, a Wi-Fi connection). *See* Ex. B, Figs. 1-7.

21. The Accused Instrumentalities infringe claim 18 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*i.e.*, the file transmitted is a image file, video file, or streaming video file— live view). *See* Ex. B, Figs. 1-7.

22. The Accused Instrumentalities infringe claim 19 of the '723 Patent, wherein the further media system is configured to present the at least one digital media file on a display (*i.e.*, the file is displayed on the android smartphone running the Panasonic Image app and the Panasonic camera). *See* Ex. B, Figs. 1-7.

23. The Accused Instrumentalities infringe claim 20 of the '723 Patent, wherein the at least one media file is provided by the wireless mobile device (*i.e.*, the digital media file is provided by the Panasonic camera). *See* Ex. B, Figs. 1-7.

24. The Accused Instrumentalities infringe claim 32 of the '723 Patent, they are wireless mobile devices configured to transmit a media file to a media system over a communication network having a security measure comprising: the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer (*i.e.*, it includes an NFC chip which allows permits authorized access to the 802.11 Wi-Fi network), the wireless mobile device within said wireless range (*i.e.*, a Panasonic camera with Wi-Fi and a NFC tag placed within NFC range of an android smart phone running the Panasonic Image app), wherein said wireless mobile device is detectable by said media system (*i.e.*, once placed within NFC range, the Panasonic camera with Wi-Fi and a NFC tag is automatically detected by the android phone running then Panasonic Image app), at least one digital media file (*e.g.*, a picture or video) initially disposed on the wireless mobile device (*e.g.*, a picture or video initially disposes on the Panasonic camera or android smartphone with the Panasonic Image app installed), said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the android smartphone running the Panasonic Image app automatically detects the Panasonic camera once it is placed within NFC range), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, a Wi-Fi network), said communication link being initiated by said media system (*i.e.*, the communications link is initiated by the android smartphone once it is placed within NFC range of the Panasonic

Camera), said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Panasonic camera and android smartphone running the Panasonic Image app are structured to transmit a picture or video file in a digital format over the wi-fi network), and said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*e.g.*, the Wi-Fi network security settings such as encryption protocols and password requirements are bypassed for the limited purpose of transmitting a photo or video file from the Panasonic camera to the Android smartphone running the Panasonic Image app).  *See* Ex. B, Figs. 1-6.

25.     The Accused Instrumentalities infringe claim 34 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, the transmission of the photo or video file from the Panasonic camera to the android smartphone running the Panasonic Wireless Utility Mobile app completely bypasses the Wi-Fi security settings on the android smartphone and Panasonic camera, such as encryption protocols and password requirements).  *See* Ex. B, Figs. 1-6.

26.     The Accused Instrumentalities infringe claim 37 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a Wi-Fi connection (*i.e.*, the communications link is a Wi-Fi connection).  *See* Ex. B, Figs. 1-6.

27.     The Accused Instrumentalities infringe claim 38 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a

streaming video file (*i.e.*, the file is an image file, video file, or streaming video file such as "live view mode").  *See* Ex. B, Figs. 1-6.

28. The Accused Instrumentalities infringe claim 39 of the '723 Patent, wherein the device is configured to present the at least one digital-media file on a display (*i.e.*, the file is displayed on the android smartphone running the Panasonic Image app and the Panasonic camera).  *See* Ex. B, Figs. 1-7.

29. The Accused Instrumentalities infringe claim 40 of the '723 Patent, wherein the at least one digital media file is provided by the wireless mobile device (*i.e.*, the image, video, or streaming video file is provided by the Panasonic camera).  *See* Ex. B, Figs. 1-7.

30. The Accused Instrumentalities infringe claim 42 of the '723 Patent by including a transfer system from transferring a media file over a communication network, comprising a media system; and a wireless mobile device, wherein the media system includes: a wireless receiver (*i.e.*, the android smartphone running the Panasonic Image app and the Panasonic camera includes a wireless receiver in the form of an 802.11 network adapter), a security measure (*i.e.*, encryption or password requirements for a wireless network connection), and a processor configured to the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the android smartphone running the Panasonic Image app and the Panasonic camera includes a NFC chip which is structured to permit authorized access to an 802.11 Wi-Fi network), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, when the Panasonic camera with NFC and Wi-Fi is placed within NFC range of the android smartphone running the Panasonic Image app, it is automatically detected by the android

smartphone), at least one digital media file initially disposed on the wireless mobile device (*i.e.*, the Panasonic camera includes at least on digital media file), said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the android smartphone running the Panasonic Image app is configured to automatically detect the Panasonic camera once it entered NFC range)., a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Panasonic camera android smartphone running the Panasonic Image app includes a Wi-Fi network adapter which places them in communication over w Wi-Fi network), said communication link being initiated by said media system (*i.e.*, once the Panasonic camera is placed within NFC range, the android smartphone automatically initiates a Wi-Fi connection), said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Panasonic camera and android smartphone running the Panasonic Image app are configured to transmit a digital media file such as a photo between them over the Wi-Fi network), and said communication link (*i.e.*, a Wi-Fi network) is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Wi-Fi network security settings such as encryption or password requirements are bypassed for the limited purpose of transmitting the digital media file and displaying it on the android smartphone running the Panasonic Image app). *See* Ex. B, Figs. 1-7.

31.   The Accused Instrumentalities infringe claim 44 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media

system completely bypasses the security measure (*i.e.*, the Wi-Fi security settings such as encryption or password requirements are completely bypassed for the purpose of transmitting the digital media file such as a photo). *See* Ex. B, Figs. 1-7.

32. The Accused Instrumentalities infringe claim 47 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a Wi-Fi connection (*i.e.*, the communications link is a Wi-Fi connection). *See* Ex. B, Figs. 1-7.

33. The Accused Instrumentalities infringe claim 48 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*i.e.*, the file is an image file, video file, or streaming video file such as "live view mode"). *See* Ex. B, Figs. 1-7.

34. The Accused Instrumentalities infringe claim 49 of the '723 Patent, wherein the system is configured to present the at least one digital media file on a display (*i.e.*, the file is displayed on the android smartphone running the Panasonic Image app and the Panasonic camera). *See* Ex. B, Figs. 1-7.

35. The Accused Instrumentalities infringe claim 50 of the '723 Patent, wherein the at least one digital media file is provided by the wireless mobile device (*i.e.*, the digital media file is provided by the Panasonic camera). *See* Ex. B, Figs. 1-7.

36. As a result of the Defendant's infringement of the '723 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

37. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '723 Patent, Plaintiff will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

    1.    A judgment in favor of Plaintiff that Defendant has infringed the '723 Patent;

    2.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '723 Patent, or such other equitable relief the Court determines is warranted;

    3.    A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '723 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

    4.    Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 23, 2017

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright, Ph.D.
State Bar No. 24028146
Alex J. Whitman
State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75231
Telephone: (214) 646-1495
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR PLAINTIFF
DIGITAL TECHNOLOGIES LLC**